# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.R. and B.R.**

**No. 16-1154** (Kanawha County 15-JA-151 & 15-JA-152)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.H., by counsel Peggy L. Collins, appeals the Circuit Court of Kanawha County's November 10, 2016, order terminating her parental rights to then nine-year-old C.R. and eight-year-old B.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and in terminating her parental rights to the children without employing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition against the children's parents. In its petition, the DHHR averred that it received a referral that the children had not eaten in days; that their home was without electricity and filled with trash; that petitioner called them names and "cussed" at them for complaining of hunger; and that petitioner reportedly used

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The briefing by all parties in this case failed to follow Rule 11(i) of the West Virginia Rules of Appellate Procedure regarding the current status and permanency plans of the children and the current status of the parental rights of all the children's parents. Petitioner's brief fails to include any section on status and permanency; the DHHR failed to state the current status of the children's father in its Rule 11(i) section; and the guardian (while mentioning their status elsewhere in her brief) failed to state either parents' status in her Rule 11(i) section.

methamphetamine. The DHHR further alleged that a Child Protective Services ("CPS") worker investigated the referral and found petitioner to be under the influence of drugs or having a "mental health breakdown." According to the CPS worker, she was initially denied entry to the home because petitioner said it was "a f****** mess and not fit to live." After an initial denial, petitioner reportedly admitted that she had abused drugs, including "nerve pills," marijuana, and methamphetamine. The CPS worker confirmed that the home was in "deplorable" condition and bug infested, and the children were "extremely dirty." Petitioner also reportedly stated that she "f****** got tired of cleaning up after everyone."

In April of 2016, following significant delay, during which time petitioner was receiving services from the DHHR, the circuit court held an adjudicatory hearing.[3] The CPS worker testified to the allegations in the petition. No other witnesses testified. Based on the evidence, the circuit court adjudicated petitioner as an abusing parent. The matter proceeded to disposition in approximately July of 2016. At that time, for the purpose of providing petitioner more time to seek and demonstrate parental improvement, the circuit court granted her a dispositional improvement period.

In September of 2016, the circuit court held a review hearing on petitioner's improvement period. Petitioner did not appear in person at this hearing, but she was represented by counsel. Based on non-compliance, the circuit court terminated her improvement period and scheduled the matter for final disposition.

In October of 2016, the circuit court held a final dispositional hearing. Evidence established that petitioner was offered rehabilitative services since approximately June of 2015. Since that time, petitioner was "thrown out of detox programs at least twice"; failed to cooperate with efforts by the DHHR and her own attorney to provide her with long-term drug treatment; tested positive on drug screens for marijuana and methamphetamine; had not substantially complied with parenting and adult life skills classes; had not made efforts to locate suitable housing; provided no proof of mental health treatment; and was in a relationship with an individual who had recently had his parental rights to his own children involuntarily terminated. By order entered on November 10, 2016, the circuit court terminated petitioner's parental rights to the children. In its order, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was in the children's best interests.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]From July of 2015 to April of 2016, the circuit court granted at least four motions to continue the adjudicatory hearing. These continuances were apparently due to scheduling problems with petitioner's services, including a competency evaluation.

[4]The parental rights of the children's parents were terminated below. According to the guardian ad litem and the DHHR, the children currently reside in foster care. Their permanency plan is adoption by their current foster parents.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her dispositional improvement period. With regard to the termination of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court may grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In this case, there was overwhelming evidence that petitioner failed to fully participate in and comply with the terms of her improvement period. Assuming petitioner is correct that she initially complied with some services (a claim she fails to support with citations to the record on appeal), evidence clearly established that she ultimately failed to comply with drug treatment; parenting and adult life skills classes; and other rehabilitative efforts. Given such evidence, the circuit court was well within its discretion to terminate petitioner's improvement period. Based on the record on appeal, the parties' argument, and pertinent legal authority, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erroneously terminated her parental rights to the children. Petitioner asserts that termination was not the least-restrictive dispositional alternative due to her attempts to improve her parenting and her bond with the children.[5] West Virginia Code § 49-4-604(a)(6) provides that a circuit court must terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for

---

[5]Petitioner further argues that the circuit court erred in terminating her parental rights based on the finding that she was in a relationship with an individual who had recently had his parental rights to his children involuntarily terminated. Petitioner correctly notes that this claim was not alleged in the underlying petition and was not a subject of her adjudication as an abusing parent. To the extent this finding is erroneous, it is clearly harmless error given the substantial remaining evidence and the circuit court's clear lack of reliance on the claim.

the children's welfare. Moreover, we have held that "[t]ermination [of parental rights] . . . may be employed without the use of intervening[,] less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, petitioner failed to follow through with any of the rehabilitative efforts designed to correct the underlying conditions of abuse and neglect. As noted above, she failed to comply with drug treatment, while continuing the test positive on drug screens; failed to fully participate in parenting and adult life skills classes; and failed to follow through with other such rehabilitative efforts. Based on the record in this case, we find that the circuit court committed no error in terminating petitioner's parental rights without employing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 10, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker